The first case is Hunt v. United States Tobacco. Ms. Swissler. Good morning, Your Honors. Robert Swissler from Latham & Hopkins for the Defendant Appellants. I'd like to save three minutes for rebuttal. Your Honors, if the Commonwealth of Pennsylvania had an antitrust statute, we wouldn't be arguing this appeal today. Hunt's complaint is actually an indirect purchaser claim for damages, but since there isn't an antitrust statute under Pennsylvania state law, he brought his claim under the Consumer Protection Law, the UTPCPL, which I'd like to refer to as Consumer Protection Law because the alphabet suits it. The Pennsylvania Supreme Court, though, has unequivocally held in Weinberg, Toy, and Yucca that a plaintiff proceeding under the Consumer Protection Law must allege that it justifiably relied on the defendant's conduct and was injured as a result, no matter what the nature of the conduct. They have, but a lot of lower courts have disagreed with that, claiming that the 96 amendments have changed things. And those lower courts, Your Honor, have been construing the wrong section of the Consumer Protection Law. Those courts are looking at, and I think it's a mistake in not understanding the source of Weinberg. The Weinberg opinion construed Section 201.92 of the Consumer Protection Law, which relates to standing. The other sections at issue in this appeal are the 201.24 definitional section, which was amended by the 1996 amendment. The Weinberg court was considering this exact issue, whether subsections of 201.24 that didn't sound in fraud, in that case it was false advertising and bait-and-switch advertising, required an allegation of reliance of the plaintiff. But the court didn't look at the elements of 201.24 to determine whether reliance was required. It looked at the standing provision of 201.92 and held that under that provision, the private right of action provision, all plaintiffs, no matter what the subsection that they were proceeding under, had to allege justifiable reliance. The important thing to remember there is that the Superior Court, the lower appellate court in Weinberg, had made this exact distinction. The plaintiff in Weinberg had false advertising and bait-and-switch advertising. The Superior Court said, well, those aren't sounding in fraud, so you don't need to allege reliance. And the Weinberg court said, wrong, explicitly rejecting the analysis of a reliance requirement that was dependent on the subsection of what was being alleged. Instead, the court said, this provision, the standing provision that authorizes plaintiffs to proceed no matter the nature of the conduct, is based upon the underlying general purpose of the statute of fraud prevention and requires, therefore, justifiable reliance. So the amendments didn't affect that at all? The amendment didn't affect it. All the amendment did was add another non-fraud subsection to 201.24. Now, why would a private plaintiff have to still allege and prove fraud when the Attorney General would not explain that? The statute stated... Explain why my job would have been easier in my old capacity than what a private plaintiff would have done. Because you, Your Honor, when you were the Attorney General, were protecting the public interest. And so what the Weinberg court said about that is it makes perfect sense because you're entitled to protect things that have a tendency to deceive without requiring actual injury to the populace of the commonwealth of Pennsylvania. But the court drew the distinction between what the Attorney General could proceed to do and what a private plaintiff could proceed to do and said, there's nothing in this legislative history that made a private plaintiff equivalent to the Attorney General for purposes of pursuing this. The Weinberg court read the amendment to the standing provision that gave a private right of action is incorporating the necessity for actual injury, essentially, to any plaintiff proceeding under the Act, leaving to the Attorney General's office the obligation to protect the public from the incipiency or tendency to deceive that some of these other subsections would have. What about some... The HUD contends that some of the provisions of the law can't be shoehorned into the fraud rubric in this case. For example, prohibition of a confession of judgment clause in a consumer contract. Would a private plaintiff have to prove reliance on that? In a sense, the confession of judgment, the answer to that would be yes because of the standing provision. But in a sense, what it's saying, that saying is confession of judgment is basically a per se prohibition. On the face of the contract, you can't waive, you can't confess judgment. So it is actually a reliance that the private plaintiff has in suffering from that kind of a violation of the subsections because they are waiving rights that they shouldn't have to waive depending on the statute. So I think it totally fits within that. What about a written warranty? Would your answer be the same for that? Because if the reliance requirement really means that there could be a warranty out there, but you have had to have purchased it and relied on it in order to have a cause of action for damages arising therefrom. So really, the question is whether there's any distinction that the Weinberg Court drew between those kinds of subsections which existed at the time of the Weinberg opinion and the affirmative reliance obligation that it found embedded in the statute for any standing, for any subsection. So what I'm saying really is that the Weinberg Court was not looking at subsections in 20124 that only talked about fraud. There was negligent misrepresentation there. There was passing off, all the kinds of things that really do not sound like fraud. And the explicit decision that they made is it doesn't matter. It doesn't matter. So what the amendment really did was add another non-fraud subsection. And that's why the Weinberg analysis applies to this case. Let's assume you're right, and it's certainly a good argument that you are. Why shouldn't the honesty allow just to simply amend this complaint? To allege affirmative reliance? Justifiable reliance, yeah. Well, justifiable reliance. If the plaintiff here has... I mean, I assume you agree with that because you didn't respond to it in reply. That he can amend his complaint to allege presumed... What we did was say that in his appeal brief, in his appellee brief, he didn't argue to allege justifiable reliance as a matter of actual reliance. He asked for presumed reliance. If you're right when we send it back, why not just allow him to amend the complaint? Because he's asking to amend his complaint to allege presumed reliance, and that's not the kind of... Well, then say we rule against it on that. Then he cannot amend his complaint to allege reliance. He's waived it by not arguing actual reliance on this appeal before the court. If that's the case, why didn't you say that in your reply brief? His appellee brief does not ask to amend to allege actual reliance. It requests leave to amend to allege presumed reliance, and we did respond to that. We said he can't do that. So that means if you agree with us... And let's say we agree with you on that. Dead. He's dead in the water. In other words, he can't amend to fix it because he's already argued that he's only trying to allege presumed reliance. Well, okay, I guess that's the next aspect of the logic tree, but you didn't say that in your reply brief. In other words, if he loses on, he must have justifiable reliance in there. It cannot be presumed reliance. Correct. Why can't he go back and say, okay, I now allege justifiable reliance by amending the claim? The nature of the allegations that he has raised don't lend themselves to an allegation of actual reliance. Now, if the district court did not deal with that issue, so if he tried to amend to allege actual reliance instead of presumed reliance, then I guess we'd move to dismiss on the basis of this court's opinion that he has to allege justifiable reliance, and that's not the nature of the claim that he's alleging. Here, what he has said is that he is relying on a presumption that the market is efficient, and that it turned out not to be for reasons associated with the previous antitrust litigation. And so that isn't a justifiable reliance on conduct of the defendant, and therefore he can't amend in a way that makes any sense because it's not justifiable reliance. I know you argue that the Supreme Court of Pennsylvania has spoken on this issue, but it could be stated that those cases dealt with the pre-'96 law. Why isn't the Commonwealth Court of Pennsylvania's analysis in Percodanni of two divergent views, one taken by the Superior Court and one taken by numerous federal courts, a more apt summary of where Pennsylvania law is today on this issue? Because the Supreme Court's Weinberg opinion doesn't stand in isolation. It was affirmed in Toy and in Yucca that justifiable reliance is an element of standing and not part of the substantive violations that you have to allege that a private plaintiff has to allege. But none of those cases dealt with the exact issue that we have in this case, did they? They do not deal with the deceptive conduct prong, but they deal, all of them, Yucca, Toy, and Weinberg, deal with pieces of these subsections that do not sound in fraud. So all that happened here is in the amendment, another non-fraud amendment, another non-fraud, I'm sorry, subsection was added to that list of subsections. So the effect of the argument here that the 1996 amendment changed the standing provision sub silencio would be that if you're a private plaintiff under Pennsylvania law, under Weinberg, you have to allege justifiable reliance with respect to 21 1⁄2 subsections. But if you allege just a deceptive act untethered to any specific enumerated prong, then you don't need to allege affirmative reliance under the standing provision that governs the entire panoply of subsections. That makes no sense. And the Toy Court actually grounded its analysis, its analysis of non-fraud subsections of the 20124 on the concept that Weinberg was construing a standing requirement, a standing requirement, not the elements of an offense in the subsections. There are some private plaintiffs who will be able to allege, most likely, a deceptive act and justifiable reliance and being injured by their reliance on the defendant's conduct. That is not inconsistent with saying that the amendment did not change the standing requirement of justifiable reliance. So in closing, here, in order to find that the plaintiff has stated a claim for justifiable reliance, this Court has to conclude that the Weinberg, Toy, and Yucca Courts analysis of non-fraud subsections is limited to the non-fraud subsections other than the 1996 amendment. And we submit that that's not sensible. Unless you have further questions. Thank you. Ms. Wizards, thank you very much. Mr. Brooks? Thank you, Your Honor. Douglas Brooks for the plaintiff, Gregory Hunt. I'd like to spend one minute talking about what the underlying facts of this case, because I think it is important to the issue of when and where there's a requirement to show reliance. This is a case where a lot of the conduct alleged was directed to retailers. There were deceptive statements and fraudulent activities directed to retailers. Interestingly, the retailers aren't suing. The competitors sued, and that's the Conwood case that the Sixth Circuit dealt with, and consumers have sued. And that's because it is the competitors and the consumers who were injured by this conduct. So if we were writing on a clean slate and looking at the statute as written, we are looking at deceptive conduct and we are looking at consumers who were damaged as a result of that deceptive conduct. Now, in a typical fraud case, there is also a causation requirement, and usually that causation requirement is met by showing reliance. In fact, it's hard for me to imagine how you could prove a fraud case without showing that you acted or spent money or did something, changed your position, in reliance on a fraudulent statement that was directed to you. Similarly with false advertising. Talking theoretically about whether reliance is or is not required, as a practical matter, if there is a causation requirement, and there is, in a false advertising case, I think it's very likely you are going to have to show that you relied on the advertisement. I think Weiner is correct on that point. Weiner or Weinberg? I'm sorry, Weinberg. Here is a case where we are representing indirect purchasers, people who did not purchase directly from the defendant, and the statute says that the conduct, the trade or commerce that is the subject of the statute, is trade or commerce that directly or indirectly affects the people of the Commonwealth. So we have statutory language that says indirect conduct is the subject of the statute. So it's not extraordinary to say that an indirect purchaser, under the right circumstances, should be permitted to sue. And I submit that this case is one of those circumstances where you have deceptive conduct that was directed towards retailers but, in fact, injured consumers by causing prices to rise. But the point here is, my understanding is that you believe we should presume reliance. Is that correct? Based on those circumstances you just gave us. I think so. That's the phrase. You can call it presumed reliance or we can say it's a causation requirement. If someone's deceptive conduct has caused prices to rise and you buy that product, then you have been damaged as a result of that deceptive conduct. Call it presumed reliance, call it whatever you want, but it fits within the plain language of the statute. But the problem is we're interpreting Pennsylvania law and Weinberg says that all provisions of the Consumer Protection Act require justifiable reliance. And that's been said to still be the case in a 2004 case and a 2007 case, Toy and Yucca, Yucca and Toy. How are we supposed to go get around that? I think it's the job of this court to predict what the Pennsylvania Supreme Court would do with the statute. And the Supreme Court has been very careful in Toy to say we're not dealing with the amendment now. So now what is this court's prediction as to what the Pennsylvania Supreme Court will do? I think there's a hint. And I think the hint is in the Schwartz v. Rocky case that the defendants submitted within the past week in response to our letter submission. It is a Supreme Court of Pennsylvania decision that came down in October of 2007 after the briefing, 932 Atlantic 2nd, 885. And the issue there was where at Schwartz do you see that? The issue there was do we import common law punitive damages concepts into the treble damages provision of the Consumer Protection Law? And the Supreme Court very carefully says, considers it and then says no. We are not going to depart from the plain language of the statute which does not have the common law requirements. The court does say there will be a requirement that the punitive, that the treble damages have a rational basis. But there is not a wholesale importing of the common law punitive damages requirements into the treble damages view. So here is an example. How do you get around footnote 16? 16 says, repeats that there is a causation requirement. And it also cites Weinberg. And it cites Weinberg. And here is the language it quotes from Weinberg. In a private action, a plaintiff suffers an ascertainable loss as a result of the defendant's prohibited action. This means in this case a plaintiff must allege reliance. And Weinberg was dealing with a case where direct representations, whether by false advertising or otherwise, have been made to the plaintiffs. I submit in that type of a case, reliance is an appropriate requirement. But I don't think Weinberg is saying, and certainly Weinberg is not even dealing with the issue of what happens when you add deception to the list of prohibited practices. But Weinberg is saying in this case where we have a direct relationship between the plaintiff and the defendant, reliance is required. Weinberg wasn't dealing with an indirect case. Neither was Toy. Neither was Yucca. Those are all direct cases. In an indirect case, it admittedly is very difficult to allege that there is a direct, proximate reliance on something that the defendants did. We do have in this case allegations of direct consumer, direct to consumer representations. There is an allegation, for instance, about the stamp on each can of a product that says, has a made by date, which is false. So if, as your Honor had suggested, we are permitted to amend, we would be able to allege at least part of, we would have to call back through our allegations. But the case would not be dead. There are, and I want to make that point there, that the complaint that we're talking about is a complaint that we originally filed in the Philadelphia Court of Common Pleas. It's never been amended. We've never had the opportunity to amend. So I think the worst that could happen to us would be a remand, a dismissal, a remand with leave to amend. But I don't think the case should be dismissed on that reliance issue because we're dealing with this indirect case, indirect relationship that is clearly contemplated by the statute. It just hasn't been dealt with. So does this mean that we would have to presume reliance? Is that the bottom line of your argument? Well, I think that's an issue down the road when we move for class certification. I think that is maybe the pink elephant in the room here is that we wouldn't have filed this case if it weren't a potential class case because the individual damages are just too small. Let's face it. So, yes, at some point we will be moving for class certification. And very likely, in order to make the case manageable, we will be arguing that some form of presumed reliance or the equivalent will be called for. You acknowledge that Pennsylvania has not adopted yet a presumed reliance rule. That's true, Your Honor. And we think there are cases that point in that direction. And we think certainly the statute opens the door. And, frankly, in order to make the statute effective, again, in a case like this where the individual damages are so small, I think the class action procedure has to be an essential tool to accomplish the purpose of the statute. So I think that it would certainly be very justified to certify. I mean, this type of a class where the injury, let's go back to that, is an increase in the price. We're not talking about people relying on a variety of different types of representations. The impact of the conduct that was proven at trial in the Conwood case was, among other things, an increase in prices. They established that for every, I think, every 10 percent reduction in the facing of this product, there was an increase in price of 7 cents. So it would be feasible to prove an impact on consumer prices based on this conduct. And we could do that on a class-wide basis. You really want us to make a prediction that the Supreme Court would deviate from their Weinberg jurisprudence based on the facts of this case. Would it be better if we certified this question to the Pennsylvania Supreme Court for them to answer it directly? Well, that is definitely an option that this court has. And it may be that there is definitely confusion. I'm not going to stand here and say that there aren't a lot of cases that have gone the other way. So I think there is an opportunity for the court to clarify. I think I'd like to see the court have the benefit of this panel's experience on that issue. But certification of the issue, I think, is definitely an option. I guess I would commend the Schwartz v. Rocket case to Your Honors. There have been a number of more recent bankruptcy court decisions just a few months ago, again, repeating their analysis of this thing. So I think whether it's this court or the Supreme Court, someone has to step in and give some direction to those of us in the trenches on this issue. And I think, again, I think you can see the Supreme Court struggling with this issue. In 1974, in the Monumental case, the Supreme Court said, actually, that catch-all provision includes not only fraudulent but deceptive and unfair methods of competition. It includes the whole ball of wax. Then in Weinberg, you could look at that as sort of a narrowing of the focus. Again, I think you can explain Weinberg by the fact that the underlying case claims were fraud-based claims. But I think in light of the Schwartz case, I think taking another look, wiping the slate clean, looking at the statute, looking at the plain language of the statute, which does not contain the word reliance. It contains a causation requirement. We're not contesting that. But the reliance requirement is an importation from the common law. And I think ultimately the Supreme Court would restrict that to fraud-based claims. And the fact that the legislature chose to add the word deception emphasizes that the statute should be construed in a liberal manner to effectuate the purposes. I think if you limit the statute to common law fraud, you've basically taken away the whole reason why the statute was passed. We're trying to deal with consumer fraud. When the amendment was passed, the immediate concern was telemarketing fraud. And you have the scenario where an elderly person is approached by a telemarketer and does something unwise. And perhaps the concern there is that looking at it objectively under the fraud rubric, you would not be able to say that there was justifiable reliance. But the legislature was concerned to protect consumers. Could you explain that for me a bit? Why wouldn't it be easy to allege and perhaps prove justifiable reliance in that circumstance? If everything is disclosed to the person, if in fact the marketing pitch to a sophisticated purchaser would be clear what they were buying, then I think there might be an issue with proving justifiable reliance in that circumstance. Any further questions? Mr. Brooks, thank you very much. Ms. Wilson. Thank you, Your Honor. Your Honor, I don't think there's any need either to predict what the Pennsylvania Supreme Court would do with the 1996 amendment or to certify the question to that court for an answer. The trilogy that we've discussed of Weinberg, Yucca, and Toy all construe the subsections that do not involve fraud. All three of those cases do. So there isn't a question of unsettled Pennsylvania law. The certification standards under the Pennsylvania Supreme Court rules require a question of several things, one of which is that the law that you're asking them about is unsettled. And I think those three opinions, it's not like they're 1920s opinions. Toy was July of 2007. So those opinions say that regardless of whether the subsection alleges fraud or not, you have to allege affirmative reliance. Whether we would agree with that as a matter of policy, that's not the issue. It's what the Supreme Court said. So that's point one. Same thing about prediction is that I don't think you have to predict anything because the deceptive problem was already in the enabling piece of the statute. Section 201.3, which is the actual substantive statute, 201.2.4 that we've been talking about, these subsections are definitional. And 201.3 said unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by these subclauses are hereby declared unlawful. And so those subsections before the 1996 amendment included some of these deception issues. And the Supreme Court was not troubled by requiring affirmative reliance even for torts that don't require affirmative reliance. So I don't think there's anything to predict or certify. The question of whether some of these lower courts, in particular Mr. Brooks mentioned the bankruptcy court, are confused about this issue is an interesting one because the source of that confusion was Judge Sigmund's opinion in the bankruptcy court in the Patterson case. And that happened, that Patterson case came down just a couple months after Weinberg's Supreme Court opinion. And in two subsequent opinions, although she has not held this, she hasn't reversed Patterson, she couldn't have done that, but she hasn't specifically held this, but she called into question her own analysis in Patterson that is one of the seminal pieces of what I think is a misunderstanding of the construction of what Weinberg was. That's not the Pennsylvania Supreme Court. No, it's not, but it's one of the reasons why Mr. Brooks is alluding to a conflict. The very judge that thought there was a conflict has now changed her mind about it. So I think that says that if this court goes along with Weinberg, Gielke, and Toy, that that would upset the issue. Maybe she hasn't changed her mind, but maybe she's taking 15 steps back and punning. Well, maybe she's waiting for guidance from you. In Toy, the Supreme Court said finally, Toy's several arguments relating to the amendment that was made under the catch-all provision of the Consumer Protection Law are irrelevant. As noted, Toy's claims arose and are brought under the statute as it existed before it was amended in 1996. Doesn't that differentiate Toy from what we have before us? And isn't that the most recent and most clear statement by the Pennsylvania Supreme Court that they have not yet addressed this very question? I think that all that court's saying there is we don't have to reach it because it's not at issue. That's prudentially a distract. Doesn't that cut the legs out from under your position that the Supreme Court of Pennsylvania has clearly spoken on this issue? When they said right there, I think that's more clear than what you said, that they haven't reached this issue. They didn't reach it in Toy because it wasn't before them. That doesn't mean that it's different. Exactly. That doesn't mean that it's different, though, Your Honor. It just means that they didn't want to deal with it. They didn't have to deal with it. We can agree, then, that they didn't reach it. They didn't reach it, but they didn't have to because it wasn't before them. I understand. Thank you very much, Your Honor. Thank you very much. The case was very well argued. We will take the matter under advisement.